### In re E.P. FOURNIER CO., INC., Debtor.

### Bankruptcy No. 97–14911.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 1, 1998.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for debtor.

Richard Peirce, Roberts Carroll Feldstein & Peirce, Providence, RI, for Chrysler Financial Corp.

Lynda Laing, Strauss Factor & Lopes, Providence, RI, for GE Capital Auto Financial Services.

## ORDER SUSTAINING OBJECTION TO CLAIM

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on August 26, 1998, on the Debtor's and Chrysler Financial Corporation's (Chrysler) Objections to the Claims of GE Capital Auto Financial Services (GE Capital), Claim Nos. 68 and 78. On February 19, 1998, GE Capital filed a secured proof of claim (Claim No. 68) in the amount of $518,604. On March 2, 1998 it amended its proof of claim by providing documentary proof in support of its claim (Claim No. 78). As security, GE Capital claims an interest in approximately 32 vehicles which the Debtor sold and failed to remit the sale proceeds to GE Capital. It is agreed that none of the vehicles in question are in the Debtor's possession and that the proceeds from the sale of these vehicles are not traceable.[1] The Debtor and Chrysler object to the claims, arguing that GE Capital is not a secured creditor, since the alleged collateral is not property of the estate.

We agree with the objectors that the answer to this question lies in Section 506(a) of the Code, entitled "Determination of Secured Status," which provides:

> An allowed claim of a creditor secured by a lien on property *in which the estate has an interest* ... is a secured claim *to the extent of the value of such creditor's interest in the estate's interest in such property*....

11 U.S.C. § 506(a) (emphasis added). Because the estate has no interest in the vehicles in question, it necessarily follows that GE Capital is not a secured creditor of this Debtor. Additionally, because the proceeds from these vehicles are not traceable or identifiable as estate property, there is nothing in the estate to which GE Capital's security interest may attach. Accordingly, for the reasons argued by Chrysler and the Debtor in their Objections, GE Capital's claims are allowed as unsecured claims against the Debtor in the amount of $518,604.[2] Because GE Capital did not assert a priority claim, we will not entertain arguments on its behalf that it may be entitled to some type of "equitable priority lien" on account of the Debtor's pre-petition misdeeds.

Enter judgment consistent with this Order.

---

1. All but two vehicles in question were sold prepetition by the Debtor. The two vehicles sold post-petition are the subject of separate adversary proceedings and the sale proceeds have been segregated pending the outcome of that litigation. This Order is not intended to affect that litigation or GE Capital's claim to those proceeds.

2. It is unclear whether this amount includes the proceeds at issue in the pending adversary proceeding concerning the two vehicles transferred post-petition. If GE Capital's claim includes those amounts, and if it prevails in that litigation, this claim will be reduced by the amount of such recovery.